UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PREMIER ENTERTAINMENT BILOXI, LLC<br>D/B/A HARD ROCK HOTEL & CASINO BILOXI,<br>A DELAWARE LIMITED LIABILITY COMPANY | PLAINTIFF/<br>COUNTER DEFENDANT |
| U. S. BANK NATIONAL ASSOCIATION | INTERVENOR PLAINTIFF/<br>COUNTER DEFENDANT |
| V. | CIVIL ACTION NO. 1:06cv12-LTS-RHW |
| JAMES RIVER INSURANCE COMPANY, AN<br>OHIO CORPORATION | DEFENDANT/<br>COUNTER CLAIMANT |

**ORDER**

The latest motions before the Court are [81][82] requests by Defendant/Counter Claimant James River Insurance Company (James River) to strike the [77][78] replies of Plaintiff/Counter Defendant Premier Entertainment Biloxi, LLC (Premier) with respect to the former's [52] Motion to Dismiss James River's counterclaim and [54] Motion for Partial Judgment on the Pleadings.  Alternatively, James River asks in [81] and [82] allowance to take additional discovery and file a sur-rebuttal to [52] and [54].  This alternative relief is based on the apprehended conversion of Premier's dismissal motions to motions for summary judgment because of materials submitted by Premier that are outside the pleadings and constitute a part of its [79] Rebuttal Memorandum in connection with [54].  Those materials include a deposition of James River's property underwriter and several declarations by certain individuals.

In an apparent attempt to cover all bases, James River has also filed an [85] Objection to Conversion of Premier's Rule 12 Motions to Motions for Summary Judgment seemingly on the grounds that "briefing is closed" and "there is significant substantive discovery that must be taken."  Attached to [85] is an affidavit submitted by James River's counsel pursuant to Fed. R. Civ. P. 56(f), which states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This provision of Rule 56 is similar to and complements certain parts of Fed. R. Civ. P. 12(b) and (c), which are mirrors of each other and need only be quoted once:

>   If, on a motion [under Fed. R. Civ. P. 12(b)(6) or 12(c)], matters outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Given the state of the record, there is no doubt that summary judgment procedure and consideration have been triggered.  The question is how to give the opportunity to present all of that material and to make such other order as is just under the circumstances.

It would accomplish little to harp on the procedural history of this case.  Concentrating on the future, it is sufficient to note that the [72] Amended Scheduling Order sets a discovery deadline of August 15, 2007; a motions deadline of August 29; and a settlement conference beforehand on June 29.

It is the Court's determination that this cause of action is not in a position for summary disposition.  There are several steps that are appropriate for an orderly and just consideration of the merits.  The first is mediation as part of the Court's current round taking place in February and March, and an order to that end will be entered simultaneously herewith.  In the event that is not successful in resolving the matter, then the parties will continue preparation and try again at the settlement conference before the United States Magistrate Judge in June (from which no party will be excused).  If that fails, all discovery shall be completed by August 15, and counsel shall give the Court a single status report on the motions currently pending.  However, at a minimum, before any further action is taken, the parties shall be expected to mutually submit to the Court "what material facts exist without substantial controversy and what material facts are actually and in good faith controverted."  Fed. R. Civ. P. 56(d).

Accordingly, **IT IS ORDERED**:

James River's [81] [82] Motion to Strike or, Alternatively, for Leave to Take Discovery and File Sur-rebuttal regarding [52] Premier's Motion to Dismiss Counterclaim is **GRANTED IN PART** and **DENIED IN PART**.  Premier's [77] Rebuttal will not be stricken, but James River and Premier shall continue, consistent with the discovery process and schedule, to compile all material necessary to respond appropriately to [52], now considered as a Motion for Summary Judgment;

Premier's [54] Motion for Partial Judgment on the Pleadings shall likewise be treated as a Motion for Summary Judgment, along with James River's [61] Motion for Partial Summary Judgment;

A ruling on [52], [54], and [61] shall be **HELD IN ABEYANCE** pending compliance with this Order, and any other order in connection herewith.

**SO ORDERED** this the 7th day of February, 2007.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge