## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**PREMIER ENTERTAINMENT BILOXI**
**LLC d/b/a Hard Rock Hotel & Casino**
**Biloxi, a Delaware limited liability company**                          **PLAINTIFF**

**U.S. BANK NATIONAL ASSOCIATION,**
**a national banking association, as Trustee**
**under Series A and Series B 10 ¾% First**
**Mortgage Notes Due 2012 Indenture dated**
**January 23, 2004**                                    **PLAINTIFF-INTERVENOR**

**VS.**                              **CIVIL ACTION NO. 1:06-cv-00012-LTS-RHW**

**JAMES RIVER INSURANCE COMPANY,**
**an Ohio corporation**                                        **DEFENDANT**

## MOTION OF JAMES RIVER INSURANCE COMPANY
## FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
## FOR PARTIAL SUMMARY JUDGMENT

COMES NOW James River Insurance Company ("James River"), by and through its

counsel of record, and moves the Court pursuant to Rule 56 of the Federal Rules of Civil

Procedure for a summary judgment which reforms the subject policy to conform to the true

mutual intent and agreement of the parties that the subject policy would provide no coverage for

flood of any sort. Additionally, or in the alternative, James River moves the Court for a partial

summary judgment dismissing the claims of Plaintiff, Premier Entertainment Biloxi, LLC

("Premier") for bad faith. James River is entitled to a summary judgment on the basis that there

no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In

support thereof would show unto the Court as follows:

1.      In Count II of James River's Counterclaim, it seeks to reform the subject policy to

conform to the true intent of the parties under the doctrines of mutual and/or unilateral mistake

so the subject policy excludes all coverage for any flood damage sustained by Premier as a result of Hurricane Katrina.

2.    Additionally, or in the alternative, James River moves the Court for a summary judgment dismissing Premier's claim for bad faith.

3.    This motion is supported by the following documents:

a.    Second Amended Complaint, attached hereto and made a part hereof as Exhibit "1;"

b.    Answer and Counterclaim, attached hereto and made a part hereof as Exhibit "2;"

c.    Declaration of Ann French and Supplemental Declaration of Ann French, attached hereto and made a part hereof as Exhibit "3;"

d.    Declaration of Calvin E. Foster, attached hereto and made a part hereof as Exhibit "4;"

e.    Excerpts from the 30(b)(6) deposition of Premier, attached hereto and made a part hereof as Exhibit "5;"

f.    Declaration of Ann Marie Marson, attached hereto and made a part hereof as Exhibit "6;"

g.    Excerpts from the deposition of Robert Keenan, attached hereto and made a part hereof as Exhibit "7;"

h.    Excerpts from the deposition of Nate Berns, attached hereto and made a part hereof as Exhibit "8;'

i.    Excerpts from the deposition of Shelly Hohimer, attached hereto and made a part hereof as Exhibit "9;"

j.      Excerpts from the deposition of Paul Amoruso, attached hereto and made a part hereof as Exhibit "10;"

k.      Letter to Ben Stone from Bill Brabec dated August 3, 2006, attached hereto and made a part hereof as Exhibit "11;"

l.      Letter to Ben Stone from Bill Brabec dated October 25, 2006, attached hereto and made a part hereof as Exhibit "12;"

m.      Letter to Ben Stone from Bill Brabec dated April 16, 2007, attached hereto and made a part hereof as Exhibit "13;"

n.      Excerpts from the deposition of Stephen Greenberg, attached hereto and made a part hereof as Exhibit "14;"

o.      Letter to Bill Brabec from Ben Stone dated June 27, 2006, attached hereto and made a part hereof as Exhibit "15;"

p.      James River Insurance Policy No. 00011292, attached hereto and made a part hereof as Exhibit "16;"

q.      Declaration of Alan Campbell attached hereto and made a part hereof as Exhibit "17;"

r.      Letter to Ben Stone from Bill Brabec dated January 6, 2006, attached hereto and made a part hereof as Exhibit "18;"

s.      Letter to Ben Stone from Bill Brabec dated August 18, 2006, attached hereto and made a part hereof as Exhibit "19;" and

t.      Letter to Bill Brabec from Ben Stone dated August 29, 2006, attached hereto and made a part hereof as Exhibit "20;" and

u.     E-mail to Ben Stone from Bill Brabec dated January 12, 2006, attached

hereto and made a part hereof as Exhibit "21."

WHEREFORE, PREMISES CONSIDERED, James River Insurance Company

respectfully moves the Court for a summary judgment reforming the policy to clearly exclude

any coverage for damage caused by flood and, or in the alternative, granting it a summary

judgment which dismisses Premier's claims for bad faith.

This the 29th day of October, 2007.

JAMES RIVER INSURANCE COMPANY


By: s/ William C. Brabec
      Its Counsel

OF COUNSEL:

William C. Brabec (MS Bar #4240)
John S. Hooks (MS Bar #99175)
David W. Donnell (MS Bar #100731)
ADAMS AND REESE LLP
111 East Capitol Street, Suite 350 (39201)
Post Office Box 24297
Jackson, Mississippi 39225-4297
Telephone:  (601) 353-3234
Facsimile:  (601) 355-9708

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this date electronically filed the foregoing with the Clerk of

Court using the ECF system which sent notification of such filing to the following:

Jonathan P. Dyal (jdyal@balch.com, dslusher@balch.com)

Michael Clark McCabe, Jr. (mmccabe@avchlaw.com, mmcc3@aol.com)

Ben H. Stone (bstone@balch.com, bwatkins@balch.com)

Paul J. Delcambre (pdelcambre@balch.com)

Robert D. Shoecraft (rshoecraft@sbcivillaw.com)

and by other means to:

James F. Killian
Maslon, Edelman, Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140

This the 29th day of October, 2007.

s/ William C. Brabec