UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PREMIER ENTERTAINMENT BILOXI, LLC                                             PLAINTIFF/
D/B/A HARD ROCK HOTEL & CASINO BILOXI,                              COUNTER DEFENDANT
A DELAWARE LIMITED LIABILITY COMPANY

U. S. BANK NATIONAL ASSOCIATION                                 INTERVENOR PLAINTIFF/
                                                                                         COUNTER DEFENDANT

V.                                                                          CIVIL ACTION NO. 1:06cv12-LTS-RHW

JAMES RIVER INSURANCE COMPANY, AN                                          DEFENDANT/
OHIO CORPORATION                                                                    COUNTER CLAIMANT

**<u>ORDER</u>**

This cause of action has a tortuous history. The principal litigants, Premier Entertainment Biloxi, LLC (Premier) and James River Insurance Company (James River), are equally convinced that their respective positions are absolutely correct, although logic would indicate otherwise.

So far, in the Court's opinion, neither party was entirely justified in its interpretation of relevant provisions of insurance policies. It is not surprising that each believes the Court erred on both scores. Premier is convinced that James River, as an excess carrier, is bound by what the Court determined is vague weather catastrophe occurrence language in the primary carrier's policy, and James River believes strongly that its follow form provision is so clear and unambiguous that it still excludes flood coverage, despite the Court's conclusion that it is susceptible of multiple constructions, especially as relates to Premier's casino barge.

Currently before the Court is James River's [313] Motion for Summary Judgment on its counter claim for reformation of its contract that would basically negate the Court's ruling on the follow form language, with the result being that flood damage is excluded under the excess policy issued to Premier. Premier has filed its own [311] Motion for Partial Summary Judgment to negate James River's counter claim; presumably, primary reliance is placed on the Court's decision adverse to James River on the language of the excess policy that even James River admits it intended to use (under what it claims was the mistaken belief that it excluded all flood damage). Finally, James River alternatively requests [315] partial summary judgment on Premier's bad faith claims.

The Court is not prepared to rule on the principal opposing summary judgment motions aimed at underlying liability. The complexity of the factual and legal issues is such that the

Court, while confident of its decision on the weather catastrophe occurrence aspect of the case, may very well reconsider its position on the question of whether the follow form language in James River's excess policy is ambiguous.

However, after parsing through the voluminous record before it, the Court is of the certain opinion that what is appropriate for summary disposition is Premier's allegations of bad faith.  Premier has presented no credible evidence that James River has committed a willful or malicious wrong, or acted with gross or reckless disregard for Premier's rights.  It appears that the Court's concerns about exhaustion principles were unfounded, although this conclusion is reached by the Court on its own rather than any direct statement by James River in this regard.  Nevertheless, James River was entitled to make sure that its excess coverage was triggered only after exhaustion of the underlying layers of coverage that obligated it to pay any benefits.  Further, there is a legitimate coverage dispute to warrant the position taken by James River on the flood exclusion.  Still, after investigation of Premier's claims, James River tendered $997,114.03 for what James River acknowledged was its pro rata share of undisputed wind damage to the casino structure; $90,848.47 for the pro rata share of contents damaged by the wind; and $302,438.49 for business interruption coverage.  The dealings between these sophisticated commercial parties do not reveal the type of conduct associated with intentional torts or activity rising to that level.

Accordingly, **IT IS ORDERED**:

James River's [315] Motion for Partial Summary Judgment on the issue of punitive damages is **GRANTED**.

**SO ORDERED** this the 21st day of December, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
