IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PREMIER ENTERTAINMENT BILOXI LLC d/b/a Hard Rock Hotel & Casino Biloxi, a Delaware limited liability company | PLAINTIFF |
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as Trustee under Series A and Series B 10 ¾% First Mortgage Notes Due 2010 Indenture dated January 23, 2004 | PLAINTIFF-INTERVENOR |
| VS. | CIVIL ACTION NO. 1:06cv12LTS-RHW |
| JAMES RIVER INSURANCE COMPANY, an Ohio Corporation | DEFENDANT |

### JAMES RIVER INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PREMIER ENTERTAINMENT BILOXI'S MOTION FOR RECONSIDERATION

Defendant, James River Insurance Company ("James River"), responds to Premier Entertainment Biloxi LLC's ("Premier's") Motion for Reconsideration [doc. 344] and moves to strike the same. In support, it shows as follows:

Premier wants reconsideration of an issue that was thoroughly addressed. It raises no new facts, no new legal theories, and no legitimate reason why it deserves to open another round of briefs on an issue, which had no legs from the start. James River has acted reasonably, in good faith and with justifiable prudence throughout its interaction with Premier – from the initial policy negotiations to the present. This Court was presented with clear evidence and repeated arguments from both parties on this issue and found conclusively that of all the issues involved in this case, the one related to bad faith was the most obvious not to belong. Premier's Motion

should, therefore, be denied. First, Premier is simply making the same arguments it made before. There is nothing new included which was not or could not have been presented during the briefing schedule allowed by the Court. Had Premier believed its arguments were insufficient, it should have requested additional time for surrebuttal within a reasonable time. Instead, the Court and James River are required to devote extremely limited time to this matter well outside the briefing schedule.

Next, reconsideration is not appropriate in these circumstances. Despite having requested and received additional time for briefing, Premier contends that it simply failed to express its bad faith argument as cogently as it would have liked. (Motion at p. 1). That does not support reconsideration. While there is no rule supporting "reconsideration," it is only granted in extraordinary circumstances. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 1736 (5th Cir. 1990); *Carter v. Dep't of Veterans Affairs,* 228 Fed.Appx. 339, 402 (5th Cir. 2007). The most analogous Federal Rule is found in Fed.R.Civ.P. 60. There, a party can be relieved of an order by specific reasons, some of which include: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud. Fed.R.Civ.P. 60. None of these reasons apply and they certainly were not asserted by Premier with respect to the Order denying Premier's bad faith claims. Federal Rule 59(e) also does not support reconsideration in this case because it is only applied when (1) there has been an intervening change in controlling law; (2) new evidence which was not previously available becomes available; or (3) a clear error of law has been made or manifest injustice would exist without a change in the judgment. *Brown v. Miss. Co-op Extension Serv.,* 89 Fed. Appx 437, 439 (5th Cir. 2004); *see also, Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 568 (5th Cir. 2003). Here, Premier is simply reasserting their same argument. Motions for reconsideration are "not the proper vehicle for

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Premier's Motion should therefore be denied.

Premier again offers the same distorted facts previously addressed to suggest that James River acted in bad faith. Even if the issue was reconsidered, Premier comes up empty. This is simply not a case where punitive damages are appropriate. James River was absolutely justified in denying Premier's claims based on the contrived "WCO coverage" theory. *See* Memorandum Opinion [doc. 291]. Additionally, any ambiguity in the flood exclusion as related to the casino creates by definition two *reasonable* interpretations, one which would provide no flood coverage for the casino and one that would. Given the detailed history between the parties negotiating a policy to exclude flood coverage, there was a legitimate reason for James River to interpret the policy to exclude flood. For these reasons alone, bad faith cannot exist. *Windmon v. Marshall,* 926 So. 2d 867, 872 (Miss. 2006).

While it is not necessary in order to refute the reconsideration sought in this matter, James River feels compelled to respond to the mischaracterizations offered by Premier as they pertain to the wind / water damages to the casino facility.

Premier spends most of its argument trying to change testimony to draw conclusions which simply cannot be supported. It contends that James River's representatives "agree" that wind damages are owed under the policy for the casino. (Motion, at p. 2). This is just not true. Premier cites James River's adjuster's report wherein he wrote that experts had supposed that "some damage would have occurred if the flooding had not destroyed the building." (Motion, at p. 5). Premier suggests this supports a finding that the highly contested wind damage amounts were payable. This is nothing more than a hypothetical. To be clear, what the James River's

530197-1

expert actually found was that the casino structure (which was designed to completely withstand the wind forces of Katrina but not the surge) was totally destroyed by the surge. *See* A.Campbell's Report, attached as Exhibit A, at p. 13.[1] When Premier's <u>hypothetical</u> was posed to James River's engineering expert as to whether any wind damage *could have occurred if* the casino *had not been totally destroyed* by the surge, Mr. Campbell testified that the casino might have experienced only "inconsequential" damages. *See* A.Campbell Deposition Transcript, Exhibit "C," at 157. However, such inconsequential damages would have had no effect on the functionality of the casino. A.Campbell Declaration, attached as Exhibit "D," at 2. Hypothetical, unsupportable, inconsequential damages do not support the millions of dollars Premier demands for its business interruption claims, and certainly cannot support a finding of bad faith.

It is clear Premier's request for reconsideration is not appropriate under the present circumstances. Premier had the opportunity to make its arguments and did. The Court simply found the evidence did not support bad faith. It still does not even in light of Premier's repeated arguments. James River is really perplexed by the motives behind this Motion.

Given these circumstances, James River suggests that if reconsideration is available, it would be more suitable to the issue of ambiguity and/or reformation given the clarity and volume of uncontradicted evidence on both topics.

WHEREFORE, PREMISES CONSIDERED, James River Insurance Company requests the Court to deny Premier Entertainment Biloxi's Motion for Reconsideration and any further relief the Court deems necessary.

---

[1] This conclusion was also independently verified by Paul Sherman, who was acting adjuster for many of the other insurers which covered flood damages, and by engineering professors from across the country as found in their report entitled <u>Lessons From Katrina</u>, in Civil Engineering Magazine (April 2006). *See* Assessment of P.Sherman with Vericlaim, (Bates # Vericlaim Premier HR 0272-0280) attached as Exhibit "B," at 5, and attachment to A. Campbell's Report, Ex. A.

530197-1

Respectfully submitted, this 8th day of January, 2008.

                         **JAMES RIVER INSURANCE COMPANY**

                         /s/ William C. Brabec

OF COUNSEL:

William C. Brabec
MS Bar No. 4240
John S. Hooks
MS Bar No. 99175
David W. Donnell
MS Bar No. 100731
ADAMS AND REESE LLP
Post Office Box 24297
Jackson, Mississippi 39225-4297
Telephone: (601) 353-3234
Facsimile: (601) 355-9708

530197-1

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Jonathan P. Dyal (jdyal@balch.com, dslusher@balch.com)
Michael Clark McCabe, Jr. (mmccabe@avchlaw.com, mmcc3@aol.com)
Ben H. Stone (bstone@balch.com, bwatkins@balch.com)
Robert Shoecraft – PHV (rshoecraft@sbcivillaw.com)

This the 8th day of December, 2007.

/s/ William C. Brabec

530197-1