IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **PREMIER ENTERTAINMENT BILOXI LLC d/b/a Hard Rock Hotel & Casino Biloxi, a Delaware limited liability company** | **PLAINTIFF** |
| **U.S. BANK NATIONAL ASSOCIATION, a national banking association, as Trustee under Series A and Series B 10 ¾% First Mortgage Notes Due 2010 Indenture dated January 23, 2004** | **PLAINTIFF-INTERVENOR** |
| **VS.** | **CIVIL ACTION NO. 1:06cv12LTS-RHW** |
| **JAMES RIVER INSURANCE COMPANY, an Ohio Corporation** | **DEFENDANT** |

## JAMES RIVER INSURANCE COMPANY'S MOTION TO LIMIT VENIRE

The Defendant, James River Insurance Company ("James River"), submits this motion to limit the jury venire to individuals living outside of the Southern Division of the Southern District of Mississippi. In support of this motion, James River offers the following:

1. For reasons set forth below, James River moves the Court to exclude potential jurors from the following Mississippi counties comprising the Southern Division: George, Hancock, Harrison, Jackson, Pearl River, and Stone.

2. James River contracted with the David Landsburg Company, a company with extensive experience regarding jury consulting. Information regarding the David Landsburg Company and its principal, David Landsburg can be found in the attached declaration at paragraph 1. See Declaration, Exhibit "A."

3. The Landsburg firm contracted to have a telephone interviewing organization conduct telephone interviews with 200 residents of voting age of the Southern Division. One of the questions posed to participants was "which people, agencies, or industries have hindered the Mississippi Gulf Coast in its efforts to recover from Katrina damages. According to Landsburg, "over 60 of 200 interviewed named insurance companies or the insurance industry, unsolicited, when asked which entities have hindered their recovery. From their comments, it is clear that insurance companies are not seen as partners in the recovery, tools in the recovery, or even as neutral to the process." Exhibit "A." ¶ 3.

4. The survey then posed a second question: "What do you think is the most important problem facing the Mississippi Gulf Coast at this time?" A majority of answers concerned problems with insurance companies or the lack of affordable housing. In addition, "many residents blamed insurance companies for the lack of affordable housing because of the increased cost of insurance post-Katrina. There is a perception that the insurance companies are responsible for making it too expensive for local residents to rebuild." Exhibit "A." ¶ 4.

5. Over half (55%) said their opinion of insurance companies had 'gotten worse' in the last few years. Most residents (60%) said that insurance companies were bad for the Mississippi Gulf Coast. Of those, 36% thought insurance companies were 'very bad for the area'" Exhibit "A." ¶ 5.

6. The survey revealed that one-third of residents surveyed had a personal experience directly relating to a central issue in this case, that is, with a "wind" versus "water" dispute. According to the survey results, "residents of the Southern Division are familiar with this issue and the comments show that they had largely prejudged the definitions of 'wind' and of 'flood' with regard to the insurance claims." Exhibit "A." ¶ 7.

7. According to Landsburg, in his professional opinion, it "will not be possible for insurance companies to get a fair trial with a jury selected from the residents of the Southern Division of the United States District Court for the Southern District of Mississippi. Because of their personal involvement with Hurricane Katrina, these residents already have formed opinions concerning the motivations of insurance companies and have determined that insurance companies are not helpful to the area. The majority of respondents in these six counties think insurance companies have been bad for the area. Once public opinion is formed, it is very difficult to break." Exhibit "A," ¶ 8.

8. James River has a fundamental right to a jury comprised of impartial and unbiased jurors. *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). *See also, McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'"). This is not a request to transfer venue under Title 28 U.S.C. § 1404, but a narrower request to limit the venire to potential jurors outside of the six counties most affected by Hurricane Katrina. This request is reasonable in light of the bias documented in the attached Declaration of the Landsburg Company.

9. In further support of this motion, James River offers to reimburse the Court for additional mileage costs incurred by jurors who would drive to the Court from outside the Southern Division.

10. James River attaches, as Exhibits "B" and "C" in support of this motion, the Motion to Change Venue and supporting memorandum filed by State Farm Fire and Casualty Company in the matter before this Court of *John Untershine v. State Farm Fire and Casualty Co.*, Cause No. 1:06-CV-LTS-RHW. Although State Farm requested a complete change of

venue—a measure not requested by James River in this motion—State Farm's motion and supporting memorandum detail the extensive negative publicity regarding insurance companies following Hurricane Katrina, as well as the potential bias of jurors. The Court ruled that a complete change of venue was not warranted in the *Untershine* matter, however, James River contends the negative publicity and potential bias of the venire, together with the recent verdicts consistently rendered against other insurance companies, warrant a limitation of the venire to persons outside of the Southern Division.

11. Finally, James River respectfully requests the Court take notice of the fact that there has yet to be a jury verdict totally favoring an insurer in Hurricane Katrina litigation.

Respectfully submitted, this 14th day of January, 2008.

**JAMES RIVER INSURANCE COMPANY**

/s/ William C. Brabec

OF COUNSEL:
William C. Brabec (MS Bar No. 4240)
John S. Hooks (MS Bar No. 99175)
David W. Donnell (MS Bar No. 100731)
Laura A. Ford (MS Bar No. 102256)
ADAMS AND REESE LLP
Post Office Box 24297
Jackson, Mississippi 39225-4297
Telephone: (601) 353-3234
Facsimile: (601) 355-9708

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Jonathan P. Dyal (jdyal@balch.com, dslusher@balch.com)
Michael Clark McCabe, Jr. (mmccabe@avchlaw.com, mmcc3@aol.com)
Ben H. Stone (bstone@balch.com, bwatkins@balch.com)
Robert Shoecraft – PHV (rshoecraft@sbcivillaw.com)

This the 14th day of January, 2008.

/s/ William C. Brabec