UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PREMIER ENTERTAINMENT BILOXI, LLC                                                  PLAINTIFF/
D/B/A HARD ROCK HOTEL & CASINO BILOXI,                                   COUNTER DEFENDANT
A DELAWARE LIMITED LIABILITY COMPANY

U. S. BANK NATIONAL ASSOCIATION                                           INTERVENOR PLAINTIFF/
                                                                                                          COUNTER DEFENDANT

V.                                                                                                CIVIL ACTION NO. 1:06cv12-LTS-RHW

JAMES RIVER INSURANCE COMPANY, AN                                                DEFENDANT/
OHIO CORPORATION                                                                           COUNTER CLAIMANT

**ORDER**

      Plaintiff/Counter Defendant Premier Entertainment Biloxi, LLC (Premier) has filed a [334] motion for this Court to reconsider its [333] Order entered on December 21, 2007, granting Defendant/Counter Claimant James River Insurance Company's (James River) [315] Motion for Partial Summary Judgment on the issue of punitive damages. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Machine & Tool Works,* Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994). While the Court will not change the ultimate decision of the [333] order, a slight correction is necessary.

      Premier's primary objection to the order is the statement that "James River tendered $997,114.03 for what James River acknowledged was its pro rata share of undisputed wind damage *to the casino structure*; $90,848.47 for the pro rata share of contents damaged by the wind; and $302,438.49 for business interruption coverage." (Emphasis added). Premier brings to the Court's attention the fact that James River has not paid any excess policy benefits for damage to the casino structure. James River's silence on this point in its [335] response is an admission that the order is factually incorrect in this regard.

      Yet Premier is mistaken that this finding alone is the reason the Court granted judgment with respect to punitive damages. A review of all the materials submitted in connection to the current motion, as well as the original, still leads to the conclusion that there is a legitimate disagreement between the parties over coverage and cause of damage. Premier's reliance on an expert's opinion that "some damage [to the casino] *would* have occurred *if* the flooding had not destroyed the building" (emphasis added) does not establish a genuine issue of material fact that James River acted in reckless disregard or in a grossly negligent manner on Premier's claim under the excess policy. Once again, "[t]he dealings between these sophisticated commercial parties do not reveal the type of conduct associated with intentional torts or activity rising to that level."

The Court reminds the parties that the finding [291] of ambiguity in James River's excess policy remains a concern, and may be the subject of *sua sponte* review. For present purposes, the arguments offered by Premier do not satisfy the standards of either Fed. R. Civ. P. 59(e) or 60(b) to alter the Court's conclusion that James River's motion for partial summary judgment on punitive damages was well taken.

Accordingly, **IT IS ORDERED**:

Premier's [334] Motion to Reconsider is **GRANTED IN PART** to the extent that the Court's [333] order is amended to reflect that no James River excess policy benefits have been paid for the casino barge. In all other respects, Premier's [334] motion is **DENIED**.

**SO ORDERED** this the 18th day of January, 2008.

                                                s/ <u>L. T. Senter, Jr.</u>
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE